**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>ERIC FERNANDEZ,<br>Defendant. | CRIMINAL NO. 10-Cr-120 (LMM) |

**Motion In Opposition to Government Motion for Revocation of Release Order**

Judith Vargas, Esq.
The Law Offices of Judith Vargas
61 Broadway
Suite 1030
New York, NY 10006
Tel:   (212) 668-0024
Fax:   (212) 668-0060
Email:   judithvargas1@aol.com

-2-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>ERIC FERNANDEZ,<br>Defendant. | S1 12-Cr.-844 (RWS) |

Hon. ROBERT W. SWEET
United States District Judge
For the Southern District of New York

TO THE HONORABLE COURT:

  Mr. Eric Fernandez, (hereinafter "defendant" or "Mr. Fernandez") represented by the undersigned, and before this Honorable Court, respectfully states as follows:

  On January 4, 2013, the Government filed a Memorandum in Support of Government's Motion Pursuant to Title 18, United States Code, Section 3145 for a Revocation of Release Orders as to Defendants Eric Fernandez and Pablo Ventura-Nieves (hereinafter "Government Memo," or "Memo." Mr. Fernandez is scheduled to appear before this Honorable Court for oral argument on the Motion on Wednesday, January 30, 2013 at noon. Mr. Fernandez, respectfully submits this Motion in Opposition to the Government's Motion for Revocation of Release as to Mr. Eric Fernandez.

  "Because the law generally favors bail release, the government carries a dual burden in seeking pre-trial detention. United States v. Sabhnani, 493 F.3d 63, 75 (2d Cir. 2007). First, the government must prove by a preponderance of the evidence that the defendant poses a risk of

flight, or prove by clear and convincing evidence that the defendant is a danger to the community. The government must then show with the same quantum of proof that no condition or conditions will reasonably assure the defendant's "presence at trial." Sabhnani, 493 F.3d at 78 (vacating order of detention because of deficient proof on "the second prong of the government's burden.") Because Mr. Fernandez is charged with a drug offense carrying a penalty of 10 or more years [18 U.S.C. § 3142(f)(1)(C)] there is a presumption favoring detention, however the presumption is a *rebuttable* one. The government must show that no assortment of bail conditions reasonably will assure the defendant's presence and the safety of others. *See* 18 U.S.C. § 3142(e). The Court is to consider a list of factors to determine whether this heavy burden has been met by the government, *see* 18 U.S.C. § 3142(g), however the Court should not rely on any one factor to the exclusion of others: "[c]ongress requires the court to consider the defendant's history and characteristics, as well as other factors." United States v. Shakur, 817 F.2d 189, 200 (2d Cir. 1987).

Here on December 21, 2013, a determination was made in the District of Puerto Rico, whereby U.S. Magistrate Judge Bruce J. McGiverin ordered Mr. Fernandez released on bail. The government is now seeking a stay of Magistrate McGiverin's Order releasing Mr. Fernandez on bail.

The government's primary arguments forming the basis for its request for detention are that Mr. Fernandez poses a risk of flight and is a danger to the community. To buttress these claims the government itemizes a short list of conduct such as: that Mr. Fernandez was intercepted in calls discussing narcotics trafficking (Government Memo, p. 6); that on one occasion Mr. Fernandez sent an electronic message to a co-conspirator with a package tracking number and that the package, containing 2 kilos of cocaine was later seized from another

individual (*id.*); that he is observed on surveillance video present with other members of the conspiracy (*id.*).  The government goes on to state that Mr. Fernandez' history and characteristics militate in favor of detention because he has changed his cellular telephone and because he allegedly drives a car that has a secret compartment (*id.,* pp. 6-7) and because persons at a house that was the subject of a search warrant "told" law enforcement that it was Fernandez' house (*id.,* p. 7).  For the "danger" prong of the factors to be considered the government merely states that he presents a "real danger" to the community because he personally was involved in coordinating cocaine deliveries and could continue to do so if released on bail pending trial (*id.,* pp. 8-9).

In assessing whether a defendant presents a flight risk the Court must find by a preponderance of the evidence that *no* conditions will reasonably assure the defendant's continued presence in court.  <u>Sabhnani</u>, 493 F.3d at 78.  With respect to dangerousness, the Court's finding must be supported by clear and convincing evidence, a higher standard of proof. 18 U.S.C. § 3142(f).

In this case we respectfully submit that the government's bare allegations do not rise to the level of proof required to overturn Magistrate McGiverin's Order releasing the defendant pending trial.  With respect to risk of flight, the government's contention that he has "demonstrated a pattern of travel," without more does not in itself establish that he is a flight risk.  Mr. Fernandez can show he has strong community ties, a long work history and a supportive family network, all of which are relevant to the issue of flight risk.

Nor can the Government show that Mr. Fernandez poses a danger to the community.  As stated earlier this factor must be proven by clear and convincing evidence, a much higher standard than that for flight risk.  Mr. Fernandez has no prior convictions and has always

maintained steady employment. Here the Government's argument is merely that he was a key member of an "international narcotics trafficking organization." (Government Memo, p. 8). There are no allegations that Mr. Fernandez was involved in violence, either remotely or otherwise, nor that he used or threatened violence. Nor is Mr. Fernandez alleged to have used, threatened to use or possessed weapons in this case.

Moreover, as stated above, a hearing has already been held and a determination made in favor of Mr. Fernandez' pretrial release on a $200,000 bond. Home detention with electronic monitoring was also ordered. This bail package combination more than adequately mitigates any possible risk of flight or danger. 18 U.S.C. § 3142(b). The Court can certainly add to these conditions, further reducing any possible risk of flight or dangerousness.

Accordingly we respectfully submit that the government without more has not and cannot meet its burden of ultimately persuading the Court by a preponderance of the evidence that Mr. Fernandez is a flight risk or by clear and convincing evidence that he is a danger to the community. We therefore respectfully submit that Mr. Fernandez' current bail conditions remain as set and that Mr. Fernandez be released pending trial.

WHEREFORE, it is respectfully requested that the Court take note of all of the above and maintain Mr. Fernandez' bail as previously set and release Mr. Fernandez pending trial.

RESPECTFULLY SUBMITTED.

In New York, New York, this 28th day of January, 2013.

*Judith Vargas*
Judith Vargas, Esq.
*The Law Offices of Judith Vargas*
*61 Broadway, Suite 1030*
*New York, NY 10006*
*Tel: (212) 668-0024*
*Fax: (212) 668-0060*

Email:   judithvargas1@aol.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date, I electronically filed via ECF the foregoing with the Court:   Hon. Robert W. Sweet, United States District Judge, for the Southern District of New York and to the Government:   U.S. Attorney Preet Bharara,   Att: AUSAs Jessica R. Lonergan and Russell Capone.

*Judith Vargas*
Judith Vargas, Esq.