UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

UNITED STATES OF AMERICA,

                              Plaintiff,

          -against-                                12 Cr. 844 (RWS)

                                                      SENTENCING
ERIC FERNANDEZ,                                        OPINION

                              Defendant.

----------------------------------------X

**Sweet, D.J.**

          On March 5, 2014, Eric Fernandez ("Fernandez" or

"Defendant") pled guilty to conspiring to distribute and possess

with intent to distribute 5 kilograms and more of cocaine.


          For the reasons set forth below, Fernandez will be

sentenced to 120 months' imprisonment followed by five years'

supervised release, subject to the scheduled sentencing hearing

on April 8, 2015.  Defendant is also required to pay a special

assessment of $100.

**Prior Proceedings**

Defendant was named in a one-count superseding indictment (the "Indictment") filed in the Southern District of New York.  The first and only count of the Indictment charges that from about 2011 through November 2012, in the Southern District of New York and elsewhere, Fernandez, and others, conspired to distribute and possess with intent to distribute 5 kilograms and more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) ("Count 1").

The Indictment indicates that, as a result of committing the controlled substance offenses charged in Count 1, Fernandez is subject to the Forfeiture Allegations and/or Substitute Forfeiture Allegations of the Indictment.

On March 5, 2014, Fernandez pled guilty to Count 1 pursuant to a plea agreement, which stipulates the following:

Offense Level

The sentencing guideline applicable to the offense charged in Count 1 of the Indictment is U.S.S.G. § 2D1.1.

Pursuant to U.S.S.G. § 2D1.1(a)(5) and 2D1.1(c)(1), because Defendant's offense involved more than 150 kilograms of cocaine, the base offense level is 38.

Assuming Defendant clearly demonstrates
acceptance of responsibility, to the satisfaction
of the Government, through his allocution and
subsequent conduct prior to the imposition of
sentence, a two-level reduction will be
warranted, pursuant to U.S.S.G. § 3E1.1(a).
Furthermore, assuming Defendant has accepted
responsibility as described in the previous
sentence, an additional one-level reduction is
warranted, pursuant to U.S.S.G. § 3E1.1(b),
because Defendant gave timely notice of his
intention to enter a plea of guilty, thereby
permitting the Government to avoid preparing for
trial and permitting the Court to allocate its
resources efficiently.

In accordance with the above, the applicable
Guidelines offense level is 35.


Criminal History Category

Based upon the information now available to the
U.S. Attorney's Office (including representations
by the defense), Defendant has zero criminal
history points.  In accordance with the above,
Defendant's Criminal History Category is I.


Sentencing Range

Based upon the calculations set forth above,
Defendant's stipulated Guidelines range is 168 to
210 months' imprisonment, with a mandatory
minimum term of imprisonment of 120 months.  In
addition, after determining Defendant's ability
to pay, the Court may impose a fine pursuant to
U.S.S.G. § 5E1.2.  At Guidelines level 35, the
applicable fine range is $20,000 to $10,000,000.


Defendant is scheduled to be sentenced on April 8,
2015.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines.   Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for —

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

4

(5)   any pertinent policy statement . . . [issued
      by the Sentencing Commission];

(6)   the  need  to  avoid  unwarranted  sentence
      disparities  among  defendants  with  similar
      records  who  have  been  found  guilty  of
      similar conduct; and

(7)   the need to provide restitution to any victims of
      the offense.

18 U.S.C. § 3553(a).   A sentencing judge is permitted to find

all the facts appropriate for determining a sentence, whether

that sentence is a so-called Guidelines sentence or not.   See

Crosby, 397 F.3d at 114-15.


**The Defendant**


        The Court adopts the facts set forth in the

Presentence Investigation Report ("PSR") with respect to

Defendant's personal and family history.


**The Offense Conduct**


        The Court adopts the facts set forth in the PSR with

respect to the offense conduct.   These facts are summarized, in

brief form, below.

Between approximately October 2011 and November 2012, Fernandez was involved in a conspiracy to transport thousands of kilograms of cocaine from Puerto Rico to New Jersey, for ultimate redistribution in the Southern District of New York and other locations.  Fernandez was a narcotics trafficker and partner to Alfonso Castillo ("Castillo") who sent cocaine from Puerto Rico to New Jersey and who made arrangements, with others, to have the cocaine delivered from Puerto Rico to New York.  Typically, Fernandez and others transported between 10 and 100 kilograms per shipment.  In addition, Fernandez helped pick up and deliver drugs in Puerto Rico for shipment to the New York/New Jersey area.

Separately, working with Castillo, Fernandez sent two kilograms of cocaine in the mail to Antonio Gabriel Jimenez Baez.  In October 2012, the DEA intercepted a package sent by Fernandez to Castillo containing 2 kilograms of cocaine.

For his role in the offense, Fernandez is held accountable for more than 150 kilograms of cocaine.

## The Relevant Statutory Provisions

The minimum term of imprisonment is 10 years and maximum term of imprisonment is life imprisonment for Count 1. 21 U.S.C. §§ 841(b)(1)(A), 846.

The Court must impose a term of supervised release of at least five years for Count 1.  21 U.S.C. § 841(b)(1)(A).

Defendant is not eligible for probation.  21 U.S.C. § 841(b)(1)(A).

The maximum fine is $10,000,000 for Count 1.  21 U.S.C. § 841(b)(1)(A).  A special assessment of $100 is mandatory pursuant to 18 U.S.C. § 3013.

## The Guidelines

The November 1, 2014 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to § 1B1.11.

The guideline for 21 U.S.C. § 846 offenses is found in U.S.S.G. § 2D1.1 of the guidelines.  According to the

7

Government, Defendant's actions involved over 150 kilograms of cocaine, resulting in a base offense level of 36.  U.S.S.G. § 2D1.1.

Defendant has demonstrated acceptance of responsibility for the offense and has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by notifying authorities of the intention to enter a plea of guilty.  Accordingly, the offense level is decreased by three levels.  U.S.S.G. §§ 3E1.1(a), (b).

Fernandez has no known criminal convictions. Therefore, Defendant has zero criminal history points and a Criminal History Category of I.  See U.S.S.G. Chapter 5, Part A.

Based on a total offense level of 33 and Criminal History Category of I, the guideline range of imprisonment is 135 months to 168 months.

The range for a term of supervised release is five years to life.  U.S.S.G. § 5D1.2(c).

Defendant is not eligible for probation.  U.S.S.G. § 5B1.1(b)(2).

The fine range for these offenses is $17,500 to $10,000,000.  U.S.S.G. § 5E1.2.

Costs of prosecution shall be imposed on Defendant, as required by statute.  U.S.S.G. § 5E1.5.  In determining whether to impose a fine and the amount of such a fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed.  U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6).  These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs.  The most recent advisory from the Administrative Office of the United States Courts, dated June 24, 2014, provides a daily cost of $80.25, a monthly cost of $2,440.97, and an annual cost of $29,261.62 for imprisonment.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's

9

statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a Guidelines sentence is not warranted in the instant case.

Defendant appears to have a supportive family and children with whom he has a good relationship.  Defendant has, in addition to other types of employment, run his own business and character reference letters submitted on his behalf state that Defendant is a hard-working and caring individual. Moreover, Defendant has no history of criminal activity and the instant offense constitutes both his first arrest and first conviction.  As such, a sentence of the mandatory minimum of 120 months' imprisonment is sufficient to accomplish the goals of sentencing.

**The Sentence**

For the instant offense, Fernandez shall be sentenced to 120 months' imprisonment to be followed by five years' supervised release.

As mandatory conditions of his supervised release, Defendant shall:

(1)  Not commit another federal, state, or local crime.

(2)  Not illegally possess a controlled substance.

(3)  Not possess a firearm or destructive device.

(4)  Refrain from any unlawful use of a controlled substance.  Defendant shall submit to one drug testing within 15 days of placement on probation or supervised release and at least two unscheduled drug tests thereafter, as directed by the probation officer.

(5)  Cooperate in the collection of DNA as directed by the probation officer.

The standard conditions of supervision (1-13) are recommended with the following special conditions:

(1)  Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found.  The search must be conducted at a reasonable time and in a reasonable manner.  Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

(2)  Defendant is to report to the nearest Probation Office within 72 hours of release from custody.

(3)  Defendant is to be supervised by the district of residence.

It is further ordered that Defendant shall pay to the United States a special assessment of $100, which shall be due immediately.

Defendant does not have the ability to pay a fine and so the fine in this case is waived.

Defendant shall forfeit his interest in any property constituting proceeds from the offense to the United States. See Fed. R. Crim. P. 32.2.

Defendant is ineligible for voluntary surrender.

It is so ordered.

New York, NY
April 6 , 2015

ROBERT W. SWEET
U.S.D.J.