UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X
UNITED STATES OF AMERICA,                      12 Cr. 844

              Plaintiff,              OPINION

   -against-

ERIC FERNANDEZ,

              Defendant.
------------------------------------------X

A P P E A R A N C E S:

    Attorney for Plaintiff

    Plaintiff, *pro se*
    Eric Fernandez
    Reg. No. 41288-069
    SPC Williamsburg
    P.O. Box 340
    Salters, SC 29590

    Attorney for Defendant

    JOON H. KIM
    Acting United States Attorney
    Southern District of New York
    One Saint Andrew's Plaza
    New York, NY 10007
    By: Russell Capone, Esq.



**Sweet, D.J.**

Defendant Eric Fernandez ("Fernandez" or the "Defendant") has moved for a "'Specific Performance' of the Clear Language of Unambiguity Memorialized Within the Plain Language of Defendant Fernandez Written Language (Plea Agreement)." Construing Defendant's instant motion in the strongest and most favorable light, Defendant has alleged a violation of his Due Process rights because of an alleged breach of his plea agreement by the Government, a breach for which Defendant seeks to "vacate, set aside, or correct" his sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. For the reasons set forth below, Defendant's motion is denied.

**Prior Proceedings**

On March 5, 2014, pursuant to a plea agreement with the Government (the "Plea Agreement"), Defendant pled guilty to conspiring to distribute and possess with intent to distribute 5 kilograms and more of cocaine before the Honorable James L. Cott. (See Ltr. of Russell Capone dated September 15, 2017 ("Capone Ltr."), Ex. B (the "Plea Allocution"), Dkt. No. 397.) Under the terms of the Plea Agreement, Defendant's Guideline range was 168 to 210 months' imprisonment with a mandatory

1

minimum term of 120 months' imprisonment. (Capone Ltr., Ex. A, at 3.)

On April 8, 2015, due to intervening amendments to the Guidelines in November 2014, the Court sentenced Defendant to a term of 135 months' imprisonment, a reduction which the Government acknowledged in its submission to the Court was appropriate. (Dkt. No. 256; Capone Ltr., Ex. C, at 5.)

On August 23, 2017, Defendant filed the instant motion, (the "Motion," Dkt. No. 393), which was taken on submission and marked fully submitted on September 27, 2017.

**Applicable Standard**

Due Process requires that "when the government breaches a plea agreement, a defendant's remedy is either specific performance of the plea agreement or an opportunity to withdraw his guilty plea." United States v. Alexander, 869 F.2d 91, 94 (2d Cir. 1989) (citing Santobello v. New York, 404 U.S. 257, 262-63 (1971)); see also United States v. Pelletier, 898 F.2d 297, 302 (2d Cir. 1990) ("[D]ue process requires that the government adhere to the terms of any plea bargain or immunity

agreement it makes."). Plea bargains are interpreted "in accordance with principles of contract law." United States v. Palladino, 347 F.3d 29, 32 (2d Cir. 2003) (quoting United States v. Riera, 298 F.3d 128, 133 (2d Cir. 2002)). To determine whether a plea agreement has been breached, the Second Circuit has instructed district courts to "look to the reasonable understanding of the parties as to the terms of the agreement." Riera, 298 F.3d at 133 (internal alternations omitted) (quoting United States v. Colon, 220 F.3d 48, 51 (2d Cir. 2000)). "Because the government ordinarily has certain awesome advantages in bargaining power, any ambiguities in the agreement must be resolved in favor of the defendant." Id. (internal quotation marks and citation omitted).

In cases such as here, where a litigant is represented *pro se*, the litigant's submissions must be read to "raise the strongest arguments they suggest" and be held "to less stringent standards than formal pleadings drafted by lawyers." Olle v. Columbia Univ., 332 F. Supp. 2d 599, 607 (S.D.N.Y. 2004), aff'd, 136 F. App'x 383 (2d Cir. 2005) (citations omitted); see also Triestman v. Federal Bureau of Prisons, 470 F. 3d 471, 474 (2d Cir. 2006) (observing that *pro se* litigants must be treated with "special solicitude"). However, a *pro se* litigant is not

3

absolved from "compliance with relevant rules of procedural and substantive law." Id. (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

**Defendant's Motion is Denied**

Defendant argues that, under the terms of his Plea Agreement, the Government agreed that Defendant would receive a sentence of 120 months' imprisonment in exchange for Defendant's guilty plea. (Motion at 2.) By ultimately receiving a sentence of 135 months' imprisonment, Defendant contends that the Government breached its contract with him, entitling Defendant to obtain specific performance and an appropriate reduction in his sentence. Even considering Defendant's claim in the light of the strongest possible arguments and viewing the Plea Agreement's provisions in the light most favorable to Defendant, Defendant's motion must fail.[1]

---

[1] As the Second Circuit has found that there is "there is no requirement that a defendant object to the violation of a plea agreement at the time of sentencing, a defendant's claim that his plea agreement was violated is not waived by his failure to raise the issue at sentencing." Paradiso v. United States, 689 F. 2d 28, 30 (2d Cir.1982) (per curiam), cert. denied, 459 U.S. 1116 (1983). Accordingly, there is no procedural bar preventing the Court from considering the merits of Defendant's Motion. See, e.g., Urbaez v. United States, No. 92 Civ. 791 (CPS), 1992 WL 209333, at *2 (E.D.N.Y. Aug. 13, 1992) (finding no procedural bar from raising claim that government violated plea agreement

4

Simply put, Defendant has not established that a breach of his Plea Agreement has occurred. The Plea Agreement states that the Guidelines range to which Defendant agrees to "is 168 to 210 months' imprisonment, with a mandatory minimum term of 120 months' imprisonment." (Plea Agreement at 3.) At his Plea Allocution, Defendant acknowledged he understood the agreed-to Guideline range, that this Court would not be bound by the calculations of the Plea Agreement, and that he waived his right to appeal any sentence term of 210 months' or fewer. (See Plea Allocution at 11:20-14:5.) Based in part on the intervening Guidelines revisions, the Court ultimately sentenced Defendant to 135 months' imprisonment. (Dkt. No. 256.) Defendant's claim now to the contrary, no evidence adduced has demonstrated that "the [G]overnment agreed to a term of 120 months," (Motion at 2), or that Defendant was not at all relevant times aware of the terms to which he had agreed and pled. An agreement providing for a sentencing floor does not create an obligation to reach that floor. Accordingly, Defendant's request must be denied. See Harris v. Kaplan, No. 11 Civ. 4727, 2012 WL 917715, at *3 (E.D.N.Y. Mar. 13, 2012) (denying request for specific

---

in a Section 2255 motion despite petitioner not raising issue at sentencing).

5

performance of plea agreement when "the government provided to [defendant] precisely what it promised").

## Conclusion

For the foregoing reasons, Defendant's motion is denied.

It is so ordered.

**New York, NY**
**September 18, 2017**

_____
ROBERT W. SWEET
U.S.D.J.