```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA,                    12 Cr. 844

                    Plaintiff,               OPINION

     -against-

ERIC FERNANDEZ,

                    Defendant.
-------------------------------------X

A P P E A R A N C E S:


          Attorney for Plaintiff

          GEOFFREY S. BERMAN
          United States Attorney
          Southern District of New York
          One Saint Andrew's Plaza
          New York, NY 10007
          By:  Russell Capone, Esq.

          Attorney for Defendant

          Defendant, pro se
          Eric Fernandez
          Reg. No. 41288-069
          SPC Williamsburg
          P.O. Box 340
          Salters, SC 29590
```



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/8/18

**Sweet, D.J.**

Defendant Eric Fernandez ("Fernandez" or the "Defendant") has moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the promulgation of the United States Sentencing Commission's (the "Sentencing Commission") Amendment 782 to the United States Sentencing Guidelines (the "Guidelines"). For the reasons set forth below, Defendant's motion is denied.

**Prior Proceedings**

Background regarding Defendant's crime of conviction, plea agreement, sentencing, and prior habeas petition are described in previous opinions of the Court. See United States v. Fernandez, No. 12 Cr. 844 (RWS), 2017 WL 4339657 (S.D.N.Y. Sept. 28, 2017); United States v. Fernandez, No. 12 Cr. 844 (RWS), 2015 WL 1542026 (S.D.N.Y. Apr. 6, 2015). Familiarity is assumed.

On April 8, 2015, the Court sentenced Defendant to a term of 135 months' imprisonment. Dkt. No. 256. On September 28, 2017, Defendant's motion to compel specific performance of his plea agreement with the Government was denied. Dkt. No. 398.

1

On November 28, 2017, Defendant filed the instant motion, Dkt. No. 399, which was taken on submission and marked fully submitted on January 17, 2018.

**Applicable Standard**

Section 3582(c) "does not authorize a . . . resentencing proceeding," but rather provides for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." Dillon v. United States, 560 U.S. 817, 825-27 (2010).

"At step one, § 3582(c)(2) requires the court to follow the [Sentencing] Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Id. at 827. As to whether the defendant is eligible for any reduction, "[U.S.S.G.] § 1B1.10(b)(1) requires the court to begin by 'determining the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." Id. (quoting U.S.S.G. § 1B1.10(b)(1) (alteration omitted)). If "an amendment . . . does not have the effect of lowering the defendant's applicable guideline range,"

2

then a "reduction in the defendant's term of imprisonment is . . . not authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a)(2)(B). Similarly, "[c]ourts generally may not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guidelines range" produced by the amendment. Dillon, 560 U.S. at 827 (internal quotation marks omitted); United States v. Erskine, 717 F.3d 131, 137041 (2d Cir. 2013) (recognizing that Section 1B1.10 prohibits reductions below the bottom of the amended range, irrespective of departures or variances granted at the original sentencing).

"At step two of the inquiry," if the defendant has been determined to be eligible, and the extent of his eligibility has been established, a district court must decide, in light of the applicable Section 3553(a) factors, whether to grant a reduction "in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. at 827. This decision is committed to the court's discretion. See United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010) (internal quotation marks omitted) ("If, and only if, a defendant is eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, then the second step of the analytical framework set forth in Dillon requires the district court to consider any applicable § 3553(a)

3

factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.").

In cases such as here, where a litigant is represented *pro se*, the litigant's submissions must be read to "raise the strongest arguments they suggest" and be held "to less stringent standards than formal pleadings drafted by lawyers." Olle v. Columbia Univ., 332 F. Supp. 2d 599, 607 (S.D.N.Y. 2004), aff'd, 136 F. App'x 383 (2d Cir. 2005) (citations omitted); see also Triestman v. Federal Bureau of Prisons, 470 F. 3d 471, 474 (2d Cir. 2006) (observing that *pro se* litigants must be treated with "special solicitude"). However, a *pro se* litigant is not absolved from "compliance with relevant rules of procedural and substantive law." Id. (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

**Defendant's Motion for a Reduced Sentence is Denied**

Defendant argues that his sentence should be reduced because of Amendment 782 to the Sentencing Guidelines. In Amendment 782 to the Guidelines, which became effective November

4

1, 2014, the Sentencing Commission lowered the penalties for most drug offenses by reducing most offense levels on Section 2D1.1's Drug Quantity Table by two levels. In Amendment 788, which also became effective November 1, 2014, the Sentencing Commission authorized Amendment 782 to be applied retroactively to lower the sentences of previously-sentenced inmates. See generally United States Sentencing Commission, 2014 Drug Amendment, https://www.ussc.gov/topic/2014-drug-amendment (last visited Jan. 17, 2018).

Defendant was sentenced in 2015 and his Guidelines calculation was determined using the November, 1, 2014 edition of the Guidelines Manual. See Fernandez, 2015 WL 1542026, at *3. As such, Defendant's Guidelines computation already benefited from the offense-level reductions made by Amendment 782. See id.; see also Dkt. No. 402, Ex. B, at 3 n.1. Accordingly, Defendant is ineligible for a further reduction based on this Amendment, and his motion is denied. See, e.g., United States v. Paulino, No. 02 Cr. 437 (RWS), 2017 WL 2445873, at *2 (S.D.N.Y. June 6, 2017) (denying Section 3582 motion because, *inter alia*, the defendant's sentence "already benefitted from Amendment 782 to the Guidelines"); Briggs v. United States, No. 16 Civ. 2981

5

(LTS), 2017 WL 398412, at *2 (S.D.N.Y. Jan. 27, 2017) (noting the same).

## Conclusion

For the foregoing reasons, Defendant's motion is denied.

It is so ordered.

**New York, NY**
**January 17, 2018**

```
_____
        ROBERT W. SWEET
            U.S.D.J.
```